UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV-00074-EHJ

STACY R. STURGEON                                                                                          PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                              DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Stacy R. Sturgeon ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 7) and the defendant (DN 9) have filed a Fact and Law Summary. Additionally, plaintiff has filed a motion for summary judgment (DN 8) and defendant has filed a response (DN 9).

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 6) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered June 21, 2007 (DN 6), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

On August 5, 2004, plaintiff filed applications for Disability Insurance Benefits and

Supplemental Security Income payments[1] (Tr. 61-64, 288-291). Plaintiff alleged that she became disabled on October 15, 2002 as a result of fatigue; depression; nervousness; anxiety; post-traumatic stress disorder; high blood pressure; nausea; diarrhea; migraines; tremor; leg pain; knee pain and swelling; and poor grip/grasp (Tr. 61, 69). Administrative Law Judge Randy L. Schum ("ALJ") conducted a hearing on June 14, 2006 in Bowling Green, Kentucky (Tr. 307). The plaintiff was present and represented by attorney Thomas Camara. Also present and testifying were Keith Sturgeon as a fact witness and Stephanie Barnes as a vocational expert (Tr. 307).

In a decision dated September 8, 2006, the ALJ utilized the five-step sequential evaluation process to evaluate plaintiff's disability claims (Tr. 24-30). At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date (Tr. 26). At the second step, the ALJ found that plaintiff's depressive disorder and anxiety disorder are "severe" impairments within the meaning of the regulations (Tr. 26). However, the ALJ found that plaintiff's alleged physical impairments are non-severe (Tr. 26-27). At the third step, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of listed impairments in Appendix 1 (Tr. 27).

At the fourth step, in assessing plaintiff's residual functional capacity the ALJ found that she has no exertional limitations (Tr. 27). The ALJ found that plaintiff's mental impairments moderately limit her ability to maintain attention and concentration for extended periods; moderately limit her ability to perform activities within a schedule and maintain regular attendance; moderately limit her ability to interact with the general public and respond appropriately to changes in a work setting (Tr. 27). The ALJ also found despite her mental impairments plaintiff can understand and

---

[1]The protective filing date is July 1, 2004 (Tr. 287).

2

recall simple tasks and beyond; can respond appropriately to supervisors and co-workers in a task oriented setting; can adapt to gradual changes in the workplace; and can complete the mental aspects of work on a schedule (Tr. 27). Relying on testimony from the vocational expert, the ALJ found that plaintiff has the residual functional capacity to return to her past relevant work as a machine tender, hand packer, and inspector (Tr. 30). For the above reasons, the ALJ concluded plaintiff has not been under a "disability," as defined in the Social Security Act, from October 15, 2002 through the date of the decision (Tr. 30).

Plaintiff timely filed a request for review by the Appeals Council (Tr. 17-19). On February 1, 2007, the Appeals Council sent to plaintiff a notice indicating that it denied her request for review (DN 10-12). On February 20, 2007, the Appeals Council sent out a second notice indicating that it was setting aside the earlier action in order to consider additional information (Tr. 6). However, after considering this additional information the Appeals Council concluded there was still no reason under the rules to review the ALJ's decision (Tr. 6). The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-9).

CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fourth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 6-9). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human

Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

In regard to the second step, plaintiff challenges the ALJ's finding that her headaches and resulting pain symptoms are not a severe impairment (DN 7). In light of the Sixth Circuit's holding in Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir. 1987), and the ALJ's findings at the second and fourth steps, if the ALJ did err it would not constitute reversible error.

At the fourth step, plaintiff challenges the ALJ's findings regarding her credibility[2], residual functional capacity[3] and ability to perform her past relevant work (DN 7). Notably, in

---

[2] In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p.

[3] The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946.

5

connection with her challenge to the residual functional capacity findings, plaintiff argues the ALJ erred in relying on the opinions of the non-examining State agency psychological consultants because those opinions do not constitute substantial evidence.

In addressing this argument the undersigned observes that Administrative Law Judges are required to consider every medical opinion in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d). However, the weight an Administrative Law Judge must give to each medical opinion varies according to the relationship that exists between the medical source and the claimant. 20 C.F.R. §§ 404.1527(d) and (f), 416.927(d) and (f). The opinion of an examining physician or a psychologist is generally entitled to less weight than that of a treating physician or psychologist, and the opinion of a non-examining State agency physician or psychologist is generally entitled to the least weight of all. 20 C.F.R. §§ 404.1527(d)(1), (d)(2), and (f), 416.927(d)(1), (d)(2), and (f); Social Security Ruling 96-6p.

In keeping with these general concepts, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Social Security Ruling 96-6p, 1996 WL 374180, *2 (July 2, 1996). "For example, the opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources." Id. For this reason the opinions of non-examining State agency psychological advisers can be given weight only to the extent they are supported by the evidence in the record.[4] 20 C.F.R. §§ 404.1527(f),

---

[4]In making this assessment consideration should be given to such factors as the supportability of the opinion in light of all of the evidence in the record (not just the evidence in the record at the time the opinion was rendered), the consistency of the opinion with the record as a whole (including other medical opinions), and any explanation for the opinion provided by

6

416.927(f); Social Security Ruling 96-6p; see also Atterbery v. Secretary of Health and Human Services, 871 F.2d 567, 570 (6th Cir. 1989) (Opinions of a non-examining State agency psychological adviser that are consistent with the evidence of record represent substantial evidence to support the Administrative Law Judge's findings). In sum, if the opinions of a non-examining State agency psychological consultant are inconsistent with the evidence of record then those opinions are not considered substantial evidence to support a finding.

To highlight the import of certain medical opinions in the record the undersigned will begin by summarizing relevant parts of the vocational expert's testimony during the administrative hearing. The ALJ's second hypothetical question to the vocational expert set forth the mental limitations expressed by the non-examining State agency psychological consultants (Tr. 338; Tr. 194, 198-199, 251, 256-257). In response to that hypothetical question, the vocational expert opined the hypothetical claimant could return to her past relevant work as a machine tender, hand packager and inspector (Tr. 338-339).

During examination by plaintiff's counsel, the vocational expert confirmed she is familiar with the Global Assessment of Functioning ("GAF") scale used in psychiatry evaluations (Tr. 339). Plaintiff's counsel then asked "[h]ow would you rate a GAF of 50?" (Tr. 339).[5] The vocational expert responded, "[i]f that were the sole piece of evidence I had and if it were considered a valid GAF of 50 that would be severe symptomatology [sic] and would most likely preclude all

---

the non-examining State agency psychological consultant. Social Security Ruling 96-6p, 1996 WL 374180, *2 (July 2, 1996).

[5]A GAF rating of 41 through 50 indicates "[s]**erious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **OR any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job)." *Diagnostic and Statistical Manual of Mental Disorders*, at Page 34 (4th ed. Text Revision 2000) ("DSM-IV-TR").

work" (Tr. 339). In sum, the vocational expert's testimony indicates there is a substantially different vocational result depending on whether the mental limitations expressed by the non-examining State agency psychological consultants or a valid GAF rating of 50 is used in the hypothetical question.

At the fourth step, the ALJ announced that he adopted the mental limitations expressed by the non-examining State agency psychological consultants[6] (Tr. 29). Notably, the ALJ explained that he found these mental limitations to be consistent with the opinions expressed by consultative psychological examiner Craig S. Cabezas, Ph.D. (Tr. 29). However, in making this finding the ALJ turned a blind eye to Dr. Cabezas' medical opinion that plaintiff has a GAF of 50 (Tr. 29, 182).[7] Further, the ALJ ignored the July 1, 2004 medical opinion of examining psychiatrist,

---

[6]On November 15, 2004, a non-examining State agency psychological consultant reviewed the record and rendered opinions regarding the degree of limitation in four broad functional areas and the degree of limitation in work-related mental activities (Tr. 194, 198-199). On February 10, 2005 a different non-examining State agency psychological consultant reviewed the record and rendered opinions regarding the degree of limitation in four broad functional areas and the degree of limitation in work-related mental activities (Tr. 251, 256-257). Both consultants found plaintiff has a mild degree of limitation in activities of daily living; a moderate degree of limitation in maintaining social functioning; a moderate degree of limitation in maintaining concentration, persistence or pace; and no episodes of decompensation (Tr. 194, 251). As to work-related activities, both found plaintiff is moderately limited in her ability to maintain attention and concentration for extended periods; her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; her ability to interact appropriately with the general public; and her ability to respond appropriately to changes in the work setting (Tr. 198-199, 256-257). They found that plaintiff is not significantly limited in all other work-related mental activities (Tr. 198-199, 256-257).

[7]On October 26, 2004, Craig S. Cabezas, Ph.D., conducted a consultative psychological evaluation (Tr. 179). Dr. Cabezas' opinions in relevant part included a GAF rating of 50 as well as the following comments:

> "The prognosis for ability to maintain steady gainful employment based on the claimant's current mental and emotional condition is guarded. It appears that the claimant's stress management skills have diminished considerably over the past five or six years...
>
> The claimant appears capable of understanding instructions in a work setting.

8

Dr. Reddy, that plaintiff has a GAF of 50 (Tr. 27-28, 29, 215).[8] In light of the testimony of the vocational expert, the mental limitations expressed by the non-examining State agency psychological consultants are inconsistent with the GAF ratings of 50 expressed by two examining sources. Since the record is bereft of medical opinions from treating or examining sources that are consistent with the opinions of the non-examining State agency psychological consultants, substantial evidence does not support the ALJ's mental residual functional capacity findings or his finding that plaintiff is able to perform her past relevant work as a machine tender, hand packer, and inspector.

The undersigned is well aware of the Commissioner's position regarding GAF ratings. See Kennedy v. Astrue, 2007 WL 2669153, *5 (6th Cir. 2007) (does not endorse the use of GAF ratings as to disability claims and views them as not having a direct correlation to the severity requirements for mental disorders in Appendix 1). Nevertheless, the GAF ratings of Drs. Cabezas and Reddy are medical opinions[9] by examining sources and the ALJ is required to explain in the

---

Her ability to complete tasks, though, appears to be limited related to her difficulties with coping with stress. The claimant stated that prescription medications for anxiety and depression along with outpatient counseling through Life Skils has been minimally effective. The claimant continues to take Lexapro, 20 milligrams daily. Her social interaction skills appear to be fair although the claimant commented on frequent mood swings manifested in agitation and at times yelling."

(Tr. 182-183).

[8]Although Dr. Reddy briefly treated plaintiff in 1989 (Tr. 221-239) and subsequently developed a treating relationship with plaintiff in 2004 (Tr. 203-214), at the time he rendered this GAF opinion (Tr. 215-219) he would have been an examining source. 20 C.F.R. §§ 404.1502, 416.902.

[9]While the Sixth Circuit has not been asked to rule on the question, it clearly views GAF scores as medical opinions. See e.g. Nelson v. Commissioner of Social Security, 195 Fed.Appx. 462, 471 (6th Cir. 2006) (unpublished opinion); Martin v. Commissioner, Social Security Administration, 61 Fed.Appx. 191, 200 (6th Cir. 2003) (unpublished opinion).

9

administrative decision the weight given to these opinions. 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii); Social Security Ruling 96-6p. Since the ALJ failed to do so, the administrative decision does not comport with applicable law.

Plaintiff has raised additional challenges to the ALJ's findings at the fourth step (DN 7). In light of the above, the undersigned concludes it is not necessary to address the merits of those challenges.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the final decision of the Commissioner is not supported by substantial evidence in the record and does not comport with applicable law. The undersigned recommends that the Court reverse the final decision of the Commissioner and, pursuant to sentence four of 42 U.S.C. § 405(g), remand this case to the Commissioner for further proceedings.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and

recommendations as provided by the Court.  If a party has objections, such objections must be filed within ten (10) days or further appeal is waived.  Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:    Counsel